## Marion Center National Bank, Appellant, v. Creswell.

*Wills—Life estates—Construction—Intention.*

Where a testator bequeathed certain parcels of real estate to his wife and directed that his son be given a good education "and to have his mother use her best judgment in assisting in any profession he may want to pursue. And also at her death all these possessions are to go to my son" the lower court properly decided that the wife took an estate for life with remainder in fee to her son.

Argued Sept. 27, 1916.    Appeal, No. 138, Oct. T., 1916, by plaintiff, from order of C. P. Clarion Co., Dec. T., 1915, No. 54, dismissing petition for the recovery of possession of real estate in case of Marion Center National Bank, a Corporation, of Marion Center, Indiana County, Pennsylvania, v. Mary I. Creswell.  Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Petition under the Act of April 20, 1905, P. L. 239, to recover possession of real estate.

SLOAN, P. J., filed the following opinion:

This case comes into court in a proceeding under the Act of Assembly of April 20, 1905, P. L. 239, to obtain possession of certain real estate described in the petition which was sold as the property of the defendant to the Marion Center National Bank, the petitioner in this case.

From the records in the case it appears that the property was sold to the plaintiff by the sheriff of Clarion County, on December 5, 1914, on a judgment of the plaintiff v. the defendant, Mary I. Creswell, and a deed duly delivered December 29, 1914.

A citation was awarded directed to be served on the parties in possession and duly served.  A. B. Creswell was allowed to intervene and become a party to the record along with Mary I. Creswell.  The defendants

Mary I. Creswell and the intervenor, A. B. Creswell, filed answers to the citations averring therein that all the title that the defendant, Mary I. Creswell, had to the real estate was by virtue of the last will and testament of Dr. John Creswell, deceased, filed of record in Clarion County, and further that she had sold whatever interest she had in the property to her son, A. B. Creswell, by deed dated March 6, 1913, and delivered to him possession of the property, all being prior to the obtaining of the judgment by the plaintiff against the defendant and upon which the property was sold.

It is conceded that all the interest Mary I. Creswell had in the property accrued under the last will and testament of Dr. John Creswell. It is contended on the part of the plaintiff that this will vested in the defendant, Mary I. Creswell, an estate in fee and that she was the legal owner of the property. On the part of the defendants it is contended that all the estate Mary I. Creswell had in the property was a life estate under said will.

The material parts of the will of Dr. John Creswell provides as follows: "To my beloved wife Lallie M. Creswell, her baptized name Mary Isolla Boyd, 1 certain parcel of land situate in Brush Valley, Indiana County, Pa., containing 200 acres, more or less; Also my residence or store room in New Bethlehem, Pa., where I live. Also 2 lots on Clarion street in said Borough." The latter described property is the property in controversy.

The will further provides: "And further in case of my wife's judgment to sell any of above real estate, she is hereby authorized to deed, sell and transfer any or all of it, and investments to be made for her benefit and my sons." "Also direct that my son, Austin Boyd, be given a good education and to have his mother use her best judgment in assisting in any profession he may want to pursue. And also at her death all these possessions are to go to my son."

If Mary I. Creswell took a life estate under the will of

Dr. John Creswell, then that ends this case and the proceedings must be dismissed.

The first clause of the will, while it contains no words of inheritance, standing alone, under the Act of 1853, vests in her a fee in the real estate, but this clause must be taken in connection with that which follows in order to determine just what the testator's intentions were. It has been said that "every will has to be construed from its four corners to arrive at the intention of the testator." We think it is not necessary to refer to the many technical rules for determining wills, in this case. When we read the whole of the will it seems very clear that the intention of the testator was to give his wife a life estate in his property, and at her death to vest the estate in his son. The expression in the will, "and also at her death all this possession is to go to my son." The word "possession" as used in this will is equivalent to the word estate. The testator could not have expressed himself more clearly on this point, that it was his intention that at the death of his wife his estate should vest in his son.

If this was his intention, then he did not intend to vest a fee in his wife as contended by the plaintiffs, under the first clause of the will. Where the intention is clear all rules and presumptions are subject to that intent.

It is a rule of common sense as well as law, not to attempt to construe that which needs no construction. We think the will of John Creswell interprets itself, and it is not necessary to say anything further. The defendant not being the owner in fee of the real estate mentioned in the petition, the proceedings must be dismissed.

The court dismissed the petition. Marion Center National Bank appealed.

*Error assigned,* among others, was the order of the court.

*J. U. Gillespie* and *Lex N. Mitchell,* with them *W. J. Geary* and *W. M. Gillespie,* for appellant.

*Geo. F. Whitmer,* for appellee.

PER CURIAM, January 8, 1917:

The facts in this case appear in the opinion of the court below dismissing the proceeding instituted by the appellant. When John Creswell directed that at the death of his wife, the appellee, "all these possessions" should go to his son, he expressed a clear intention that she was to take but a life estate in what he gave her in the preceding provisions of the will. This was the correct view of the learned president judge of the court below, and, on his opinion, holding that the appellee did not have a fee in the land purchased by the appellant at sheriff's sale, its appeal is dismissed at its costs.